UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSE IMANOL MARTINEZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN,<br>FIELD OFFICE DIRECTOR,<br>DAVID J. VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>Respondents. | ) | No. 2:26-cv-00537-JPH-MKK |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Jose Martinez Lopez filed a petition for a writ of habeas corpus seeking release from the Clay County Jail, where he is detained on behalf of federal immigration authorities. Mr. Martinez Lopez argued in part that his detention was unlawful because the government insisted that he was subject to mandatory detention during the pendency of his removal proceeding pursuant to 8 U.S.C. § 1225(b)(2)(A) and refused to afford him a bond hearing under 8 U.S.C. § 1226(a).

Respondents answered on August 5, 2026, conceding that Mr. Martinez Lopez's detention is governed by § 1226(a) and he is entitled to a bond hearing. Dkt. 8 (applying *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026)). Respondents subsequently notified the Court that Mr. Martinez Lopez requested a bond hearing and received one on September 3. Dkt. 10. The immigration judge denied Mr. Martinez Lopez's request for bond, and he remains in detention. *Id.*

In his reply—filed before the bond hearing—Mr. Martinez Lopez agrees that § 1226(a) and *Cirrus Rojas* control the dispositive issue in the case, so his detention is governed by § 1226(a), and he is eligible for consideration of release on bond. Nevertheless, he maintains that a bond hearing is not an adequate remedy for his prolonged detention before he received a bond hearing, and he asks the Court to grant his immediate release from detention. Dkt. 9.

The Court denies Mr. Martinez Lopez's request for release for immediate the following reasons.

1. A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

2. Section 1226(a) only entitles Mr. Martinez Lopez to *consideration* of release on bond. The government "may continue to detain" him following a bond hearing. 8 U.S.C. § 1226(a)(1). Therefore, the immigration judge's denial of release does not place Mr. Martinez Lopez in custody in violation of the laws of the United States.

3. This habeas case is not the proper forum for an argument that the bond hearing is an insufficient remedy for Mr. Martinez Lopez's prolonged detention before the bond hearing. "[T]he purpose of a habeas corpus action is not to compensate the petitioner for a past injury or punish the respondent for wrongdoing; it is solely to determine whether the petitioner's *current* detention is lawful." *Feliciano v. Warden*, No. 3:26-CV-1108-CCB-SJF, 2026 WL 2525659, at

*3 (N.D. Ind. Aug. 26, 2026) (emphasis added) (citing *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923).

For the reasons stated above, Mr. Martinez Lopez has not shown that he is entitled to habeas relief based on his current detention pursuant to § 1226(a).

When "a complaining party manages to secure outside of litigation all the relief he might have won in it . . . a federal court must dismiss the case as moot." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024). Mr. Martinez Lopez agrees that he is subject to the authority of § 1226(a), and the record shows that he has received a bond hearing. Mr. Martinez Lopez has not shown that he is entitled to any further relief or that his detention violates the Constitution or laws of the United States.

The petition is **denied as moot**. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 10/5/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.